MEF:EMR/MG
F. #2025R00395

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
E.D.N.Y.
*DECEMBER 3, 2025*
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

KALEEM NURSE,
also known as "Consistent,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 25-cr-377
(T. 18, U.S.C., §§ 924(d)(1), 981(a)(1)(C), 1591(a)(1), 1591(a)(2), 1591(b)(1), 1594(d), 1952(a)(3)(A), 2422(a), 2428(a), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

Judge Kiyo A. Matsumoto
Judge Vera M. Scanlon

THE GRAND JURY CHARGES:

COUNT ONE
(Sex Trafficking)

1. In or about and between January 2021 and June 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KALEEM NURSE, also known as "Consistent," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain, maintain and solicit by any means one or more persons, whose identities are known to the Grand Jury, in and affecting interstate commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means, would be used to cause such persons to engage in

one or more commercial sex acts, which offense was effected by means of force, threats of force, fraud and coercion, and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

COUNTS TWO THROUGH NINE
(Interstate Prostitution)

2. In or about and between January 2021 and June 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KALEEM NURSE, also known as "Consistent," together with others, did knowingly and intentionally persuade, induce, entice and coerce individuals, whose identities are known to the Grand Jury, to travel in interstate commerce to engage in prostitution, as described below.

| COUNT | INDIVIDUAL | APPROXIMATE DATE(S) |
|---|---|---|
| TWO | Jane Doe #1 | January 2021 to March 2024 |
| THREE | Jane Doe #2 | June 2022 to June 2025 |
| FOUR | Jane Doe #3 | November 2022 to January 2023 |
| FIVE | Jane Doe #4 | March 2023 |
| SIX | Jane Doe #5 | August 2024 |
| SEVEN | Jane Doe #6 | October 2024 |
| EIGHT | Jane Doe #7 | October 2024 |
| NINE | Jane Doe #8 | October 2024 to June 2025 |

(Title 18, United States Code, Sections 2422(a), 2 and 3551 et seq.)

COUNT TEN
(Promotion of Prostitution)

3. In or about and between January 2021 and June 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KALEEM NURSE, also known as "Consistent," together with others, did knowingly and intentionally use one or more facilities in interstate commerce, to wit: one or more cellphones, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of unlawful activity, to wit: a business enterprise involving prostitution, in violation of the laws of the States in which they were committed and of the United States, and did thereafter perform and attempt to perform the promotion, management, establishment, carrying on and facilitation of the promotion, management, establishment and carrying on of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(3)(A), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ONE

4. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d), of: (a) any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offense, and any property traceable to such property; and (b) any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, or any property traceable to such property.

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS TWO THROUGH NINE

6. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Two through Nine, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2428(a), which requires the forfeiture of: (a) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such; and (b) any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offenses.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428(a); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT TEN

8. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Ten, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which requires any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28,

United States Code, 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any other criminal law of the United States.

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

/s/

FOREPERSON

By: Whitman G.S. Knapp, AUSA

JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK